IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

IVAR HELLA,

        **Plaintiff,**

v.                                                                                           No. _____

EQUIFAX INFORMATION
SERVICES, LLC,

EXPERIAN INFORMATION
SOLUTIONS, INCORPORATED,
and

TRANS UNION, LLC,

        **Defendants.**

## COMPLAINT

Plaintiff Ivar Hella, through counsel, Albert L. Hutchinson, Jr., AEQUITAS LAW, LLC, states as follows for his cause of action against the above-named Defendants:

## PARTIES

1. Plaintiff is a "person" and "consumer" as defined in 15 U.S.C. §1681a(b) and 15 U.S.C. §1681a(c). Plaintiff resides in the State of New Mexico, County of Bernalillo.

2. EQUIFAX INFORMATION SERVICES, LLC ("Equifax") is a nonresident credit reporting agency as contemplated by the Fair Credit Reporting Act, 15 U.S.C. 1681, *et seq*.

3. EQUIFAX is a "consumer reporting agency that complies and maintains files on consumers on a nationwide basis" as defined in 15 U.S.C. §1681a(p).

4. EQUIFAX issues a "consumer reports" as defined in 15 U.S.C. §1681a(d).

5. EQUIFAX is a nonresident entity doing business in the State of New Mexico.

6. EXPERIAN INFORMATION SOLUTIONS, INCORPORATED ("Experian") is a credit reporting agency as contemplated by the Fair Credit Reporting Act, 15 U.S.C. 1681, *et seq*.

7. EXPERIAN is a "consumer reporting agency that complies and maintains files on consumers on a nationwide basis" as defined in 15 U.S.C. §1681a(p).

8. EXPERIAN issues "consumer reports" as defined in 15 U.S.C. §1681a(d).

9. EXPERIAN is a nonresident entity doing business in the State of New Mexico.

10. TRANS UNION, LLC ("Trans Union") is a credit reporting agency as contemplated by the Fair Credit Reporting Act, 15 U.S.C. 1681, *et seq*.

11. TRANS UNION is a "consumer reporting agency that complies and maintains files on consumers on a nationwide basis" as defined in 15 U.S.C. §1681a(p).

12. TRANS UNION issues "consumer reports" as defined in 15 U.S.C. §1681a(d).

13. TRANS UNION is a nonresident entity doing business in the State of New Mexico.

## JURISDICTION

14. This lawsuit presents a federal question and as such, jurisdiction arises under 28 U.S.C. §1331 and 15 U.S.C. §1681, *et seq*. This court may also exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to any federal law claims under 28 U.S.C. §1367.

15. All allegations and claims in this complaint stem from false and inaccurate credit reporting relating to Plaintiff.

**FACTUAL BACKGROUND**

16.     On or about January 3, 2011, Plaintiff contacted Defendants EQUIFAX, EXPERIAN, and TRANS UNION and requested that each Defendant correct erroneous information on Plaintiff's consumer credit report.

17.     Each Defendant refused to correct Plaintiff's consumer credit report.

18.     Plaintiff has sought loans, including an automobile loan, and has been quoted and/or has paid a higher interest rate than would have been required of him if the incorrect information in his consumer credit report had been correct.

19.     Upon information and belief, each Defendant continues to publish erroneous information in Plaintiff's consumer credit report.

**CLAIM NO. 1: NEGLIGENT VIOLATIONS OF THE FEDERAL FAIR CREDIT REPORTING ACT - 15 U.S.C. §1681, et seq. – AGAINST EQUIFAX**

Plaintiff realleges and incorporates by reference all preceding paragraphs.

20.     The Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq.*, is designed to protect consumers from inaccurate or arbitrary information in a consumer report and to establish credit reporting practices that utilize accurate, relevant, and current information in a confidential and responsible manner.

21.     The Fair Credit Reporting Act ("FCRA") sets forth duties and causes of action against furnishers and users of credit information. 15 U.S.C. §§1681n, 1681o, 1681s-2. The FCRA expressly provides consumers with a private cause of action; violations of 15 U.S.C. §1681s-2 are enforceable and actionable via 15 U.S.C. §1681n and 15 U.S.C §1681o, depending on whether the violation is willful or merely negligent.

22.     The Fair Credit Reporting Act mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." See 15 U.S.C. §1681e(b).

23.     Plaintiff disputed the accuracy and completeness of the items described above contained in his EQUIFAX credit report as set forth in 15 U.S.C. §1681i(a)(1)(A).

24.     EQUIFAX has failed and/or refused to comply with their duty to comply with the provisions of 15 U.S.C. §1681, *et seq.*, in any and/or all the following ways:

25.     Engaging in unfair credit reporting methods and producing and disseminating inaccurate credit reports relating to Plaintiff in violation of 15 U.S.C. §1681i(a)(1);

26.     Failing to exercise its responsibilities to Plaintiff with fairness and impartiality in violation of 15 U.S.C. §1681;

27.     Failing to follow reasonable procedures to insure the accuracy of the information contained in Plaintiff's credit reports in violation of 15 U.S.C. §1681e(b);

28.     Failing to conduct a reasonable reinvestigation of the disputed items to determine whether the information was accurate or complete in violation of 15 U.S.C. §16811i(a)(1);

29.     Failing to correct or delete inaccurate or incomplete information relating to the disputed accounts on Plaintiff's credit report in violation of 15 U.S.C. §1681i(a)(1);

30.     Failing to review and consider all relevant information submitted by Plaintiff respecting the disputed accounts in violation of 15 U.S.C. §1681i(a)(4);

31.     Failing to delete or modify information relating to Plaintiff's accounts which was inaccurate or incomplete and which was not and could not be verified through a proper reinvestigation in violation of 15 U.S.C. §1681i(a)(5);

32. Failing to provide Plaintiff with information required by 15 U.S.C. §1681i(a)(6)(B)(iii);

33. Failing to provide Plaintiff with a truthful and meaningful description of the procedure used to verify the disputed accounts after a proper request by Plaintiff in violation of 15 U.S.C. §1681i(a)(7);

34. Despite requests by Plaintiff to comply with the provisions of 15 U.S.C. §1681, *et seq.*, EQUIFAX persists in its violations of its provisions.

35. As a direct and proximate cause of EQUIFAX'S violations, violations, Plaintiff has suffered actual damages, including but not limited to financial loss, expenditure of time and resources, mental anguish, humiliation, embarrassment and emotional distress, entitling him to an award of actual damages in amounts to be proved at trial.

36. EQUIFAX's violations entitled Plaintiff to also recover reasonable attorney fees and costs pursuant to 15 U.S.C. §1681o.

## CLAIM NO. 2: WILLFUL VIOLATION OF THE FEDERAL FAIR CREDIT REPORTING ACT - 15 U.S.C. §1681, *et seq.* – AGAINST EQUIFAX

Plaintiff realleges and incorporates by reference all preceding paragraphs.

37. The violations of 15 U.S.C. §1681, *et seq.* set forth in the preceding paragraphs were done by EQUIFAX willfully so as to justify an award of punitive damages, costs, and reasonable attorney fees pursuant to 15 U.S.C. §1681n.

## CLAIM NO. 3: NEGLIGENT VIOLATIONS OF THE FEDERAL FAIR CREDIT REPORTING ACT - 15 U.S.C. §1681, *et seq*. – AGAINST EXPERIAN

Plaintiff realleges and incorporates by reference all preceding paragraphs.

38. The Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq*., is designed to protect consumers from inaccurate or arbitrary information in a consumer report and to establish credit reporting practices that utilize accurate, relevant, and current information in a confidential and responsible manner.

39. The Fair Credit Reporting Act ("FCRA") sets forth duties and causes of action against furnishers and users of credit information. 15 U.S.C. §§1681n, 1681o, 1681s-2. The FCRA expressly provides consumers with a private cause of action; violations of 15 U.S.C. §1681s-2 are enforceable and actionable via 15 U.S.C. §1681n and 15 U.S.C §1681o, depending on whether the violation is willful or merely negligent.

40. The Fair Credit Reporting Act mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." See 15 U.S.C. §1681e(b).

41. Plaintiff disputed the accuracy and completeness of the items described above contained in his EXPERIAN credit report as set forth in 15 U.S.C. §1681i(a)(1)(A).

42. EXPERIAN has failed and/or refused to comply with their duty to comply with the provisions of 15 U.S.C. §1681, *et seq*., in any and/or all the following ways:

43. Engaging in unfair credit reporting methods and producing and disseminating inaccurate credit reports relating to Plaintiff in violation of 15 U.S.C. §1681i(a)(1);

44. Failing to exercise its responsibilities to Plaintiff with fairness and impartiality in violation of 15 U.S.C. §1681;

6

45. Failing to follow reasonable procedures to insure the accuracy of the information contained in Plaintiff's credit reports in violation of 15 U.S.C. §1681e(b);

46. Failing to conduct a reasonable reinvestigation of the disputed items to determine whether the information was accurate or complete in violation of 15 U.S.C. §16811i(a)(1);

47. Failing to correct or delete inaccurate or incomplete information relating to the disputed accounts on Plaintiff's credit report in violation of 15 U.S.C. §1681i(a)(1);

48. Failing to review and consider all relevant information submitted by Plaintiff respecting the disputed accounts in violation of 15 U.S.C. §1681i(a)(4);

49. Failing to delete or modify information relating to Plaintiff's accounts which was inaccurate or incomplete and which was not and could not be verified through a proper reinvestigation in violation of 15 U.S.C. §1681i(a)(5);

50. Failing to provide Plaintiff with information required by 15 U.S.C. §1681i(a)(6)(B)(iii);

51. Failing to provide Plaintiff with a truthful and meaningful description of the procedure used to verify the disputed accounts after a proper request by Plaintiff in violation of 15 U.S.C. §1681i(a)(7);

52. Despite requests by Plaintiff to comply with the provisions of 15 U.S.C. §1681, *et seq.*, EXPERIAN persists in its violations of its provisions.

53. As a direct and proximate cause of EXPERIAN'S violations, Plaintiff has suffered actual damages, including but not limited to financial loss, expenditure of time and resources, mental anguish, humiliation, embarrassment and emotional distress, entitling him to an award of actual damages in amounts to be proved at trial.

7

54.     EXPERIAN'S violations entitled Plaintiff to also recover reasonable attorney fees and costs pursuant to 15 U.S.C. §1681o.

### CLAIM NO. 4: WILLFUL VIOLATION OF THE FEDERAL FAIR CREDIT REPORTING ACT - 15 U.S.C. §1681, *et seq*. – AGAINST EXPERIAN

Plaintiff realleges and incorporates by reference all preceding paragraphs.

55.     The violations of 15 U.S.C. §1681, *et seq*. set forth in the preceding paragraphs were done by EXPERIAN willfully so as to justify an award of punitive damages, costs, and reasonable attorney fees pursuant to 15 U.S.C. §1681n.

### CLAIM NO. 5: NEGLIGENT VIOLATIONS OF THE FEDERAL FAIR CREDIT REPORTING ACT - 15 U.S.C. §1681, *et seq*. – AGAINST TRANS UNION

Plaintiff realleges and incorporates by reference all preceding paragraphs.

56.     The Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq*., is designed to protect consumers from inaccurate or arbitrary information in a consumer report and to establish credit reporting practices that utilize accurate, relevant, and current information in a confidential and responsible manner.

57.     The Fair Credit Reporting Act ("FCRA") sets forth duties and causes of action against furnishers and users of credit information. 15 U.S.C. §§1681n, 1681o, 1681s-2. The FCRA expressly provides consumers with a private cause of action; violations of 15 U.S.C. §1681s-2 are enforceable and actionable via 15 U.S.C. §1681n and 15 U.S.C §1681o, depending on whether the violation is willful or merely negligent.

58.     The Fair Credit Reporting Act mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum

possible accuracy of the information concerning the individual about whom the report relates." See 15 U.S.C. §1681e(b).

59. Plaintiff disputed the accuracy and completeness of the items described above contained in his TRANS UNION credit report as set forth in 15 U.S.C. §1681i(a)(A).

60. TRANS UNION has failed and/or refused to comply with their duty to comply with the provisions of 15 U.S.C. §1681, et seq. in any and/or all the following ways:

61. Engaging in unfair credit reporting methods and producing and disseminating inaccurate credit reports relating to Plaintiff in violation of 15 U.S.C. §1681i(a)(1);

62. Failing to exercise its responsibilities to Plaintiff with fairness and impartiality in violation of 15 U.S.C. §1681;

63. Failing to follow reasonable procedures to insure the accuracy of the information contained in Plaintiff's credit reports in violation of 15 U.S.C. §1681e(b);

64. Failing to conduct a reasonable reinvestigation of the disputed items to determine whether the information was accurate or complete in violation of 15 U.S.C. §16811i(a)(1);

65. Failing to correct or delete inaccurate or incomplete information relating to the disputed accounts on Plaintiff's credit report in violation of 15 U.S.C. §1681i(a)(1);

66. Failing to review and consider all relevant information submitted by Plaintiff respecting the disputed accounts in violation of 15 U.S.C. §1681i(a)(4);

67. Failing to delete or modify information relating to Plaintiff's accounts which was inaccurate or incomplete and which was not and could not be verified through a proper reinvestigation in violation of 15 U.S.C. §1681i(a)(5);

68. Failing to provide Plaintiff with information required by 15 U.S.C. §1681i(a)(6)(B)(iii);

9

69. Failing to provide Plaintiff with a truthful and meaningful description of the procedure used to verify the disputed accounts after a proper request by Plaintiff in violation of 15 U.S.C. §1681i(a)(7);

70. Despite requests by Plaintiff to comply with the provisions of 15 U.S.C. §1681, *et seq.*, TRANS UNION persists in its violations of its provisions.

71. As a direct and proximate cause of TRANS UNION'S violations, violations, Plaintiff has suffered actual damages, including but not limited to financial loss, expenditure of time and resources, mental anguish, humiliation, embarrassment and emotional distress, entitling him to an award of actual damages in amounts to be proved at trial.

72. TRANS UNION'S violations entitled Plaintiff to also recover reasonable attorney fees and costs pursuant to 15 U.S.C. §1681o.

### CLAIM NO. 6: WILLFUL VIOLATION OF THE FEDERAL FAIR CREDIT REPORTING ACT - 15 U.S.C. §1681, *et seq*. – AGAINST TRANS UNION

Plaintiff realleges and incorporates by reference all preceding paragraphs.

73. The violations of 15 U.S.C. §1681, *et seq.* set forth in the preceding paragraphs were done by TRANS UNION willfully so as to justify an award of punitive damages, costs, and reasonable attorney fees pursuant to 15 U.S.C. §1681n.

### JURY DEMAND

Plaintiff requests trial by jury.

**REQUESTED RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

A. Award compensatory damages jointly and severally against all Defendants in an amount to be determined by the jury at trial;

B. Award punitive and exemplary damages against all Defendants in an amount to be determined by the jury at trial;

C. Award Plaintiff his costs in bringing this action, including reasonable attorneys' fees; and

D. Award other and further relief as the Court deems proper under the circumstances.

                                           Respectfully submitted,
                                           **AEQUITAS LAW, LLC**

                                           **/s/**
By:   _____
                                           Albert L. Hutchinson, Jr.
                                           Attorney for Plaintiff
                                           P.O. Box 25304
                                           Albuquerque, NM 87125
                                           (505) 750-8005
                                           (505) 212-0249 facsimile
                                           al@aequitas.pro