IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

IVAR HELLA,
           Plaintiff,

v.

EQUIFAX INFORMATION SERVICES LLC; EXPERIAN INFORMATION SOLUTIONS, INCORPORATED and TRANS UNION LLC,
           Defendants.

CASE NO. 1:12-CV-00131-KBM-RHS

**DEFENDANT TRANS UNION LC'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO RULE 12(b)(6)**

COMES NOW, Defendant Trans Union LLC, ("Trans Union"), and files this, its Motion to Dismiss Plaintiff's Complaint ("Complaint") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and asks the Court to dismiss this matter against Trans Union in its entirety on the basis that Plaintiff makes claims that are not applicable to Trans Union and the generalized, vague, and conclusory allegations fail to meet the minimum pleading standards as required by the Federal Rules of Civil Procedure.

**I.**

**FACTUAL BACKGROUND**

On or about February 9, 2012, Plaintiff Ivar Hella ("Plaintiff") filed a Complaint against Trans Union and other Defendants, seeking damages for alleged violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, ("FCRA"),. Specifically, Plaintiff alleged that Trans Union is liable for its failure to comply with provisions of 15 U.S.C. § 1681i(a)(1), 1681e(b), 1681i(a)(4), 1681i(a)(5) 1681(a)(6)(B)(iii) and 1681i(a)(7) of the FCRA.

## II.

## MOTION TO DISMISS UNDER PURSUANT TO RULE 12(b)(6)

Plaintiff's Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because he failed to state facts sufficient to support a claim for relief under the FCRA. Plaintiff's generalized allegations and conclusory statements are insufficient to place Trans Union on notice as to the basis of his claims.  Based on the foregoing, Trans Union's Motion to Dismiss should be granted.

## III.

## APPLICABLE LEGAL STANDARD

**A.  12(b)(6) Motion to Dismiss for Failure to State a Claim**

In considering a 12(b)(6) motion to dismiss, the court must determine "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F. 3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007))*.*  "Thus, the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims."  *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F. 3d at 1177*.*

In reviewing a motion to dismiss under Rule 12(b)(6), a court need not accept the plaintiff's conclusory allegations as being true.  *E.F.W. v. St. Stephen's High School,* 264 F.3d 1297, 1306 (10th Cir. 2001).  While a court considering a Rule 12(b)(6) motion accepts all well-pleaded allegations in the complaint as true, mere conclusory allegations without supporting factual averments are not sufficient to state a claim upon

which relief can be granted.  See *Riddle v. Mondragon,* 83 F. 3d 1197, 1202 (10th Cir. 1996).  Plaintiff's Complaint is subject to dismissal under the standard outlined above.

### IV.

### ARGUMENTS AND AUTHORITIES

A.  **Plaintiff's Complaint Should be Dismissed Under Rule 12(b)(6)**

   1.  **Plaintiff's Complaint Wholly Fails to State Facts Sufficient to Support a Claim for Relief**

Plaintiff's Complaint is subject to dismissal under Rule 12(b)(6) because it fails to state facts sufficient to support a claim for relief under the FCRA.  In *Twombly,* the United States Supreme Court confirmed that Rule 12(b)(6) must be read in conjunction with Rule 8(a).  See *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007).  Although Rule 8(a)(2) requires that a plaintiff's complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief, "the plaintiff must still allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).  The plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 559.  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement,'" *Iqbal*, 556 U.S. at 883-884 (quoting *Twombly,* 550 U.S. at 557).  A complaint is also insufficient if it or if it merely leaves "open the possibility that a plaintiff might later establish some set of undisclosed facts to support recovery." *Twombly*, 550 U.S. at 561.  While there is no

probability requirement at the pleading stage, "something beyond … mere possibility … must be alleged."  *Id.* at 556-57.

Here, Plaintiff's Complaint is devoid of the specific inaccuracies allegedly contained within his credit reports.  Plaintiff does not identify what account(s) he is disputing on his Trans Union credit report, nor what is allegedly inaccurate with such account(s).  Given the inadequate nature of Plaintiff's Complaint, Trans Union has no way of knowing exactly what information is incorrect and at issue.  Further, the Complaint does not plead any factual averments as to how Trans Union violated the Fair Credit Reporting Act and Trans Union is left to guess as to how its actions or omissions caused any damage to Plaintiff.  Consequently, Plaintiff's Complaint does not meet the minimum requirements of Rule 12(b)(6) and should be dismissed in its entirety.

Trans Union's Motion to Dismiss should be granted due to Plaintiff's failure to plead any factual content, let alone factual content sufficient to allow the Court to draw the reasonable inference that Trans Union is liable for the misconduct he alleges.

WHEREFORE, PREMISES CONSIDERED, Defendant Trans Union respectfully requests that this Honorable Court dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

        Respectfully submitted,

*/s/ Rodney L. Schlagel*
**RODNEY L. SCHLAGEL**
rlschlagel@btblaw.com
**BUTT THORNTON & BAEHR, P.C.**
P.O. Box 3170
Albuquerque, NM 87190
Telephone: (505) 884-0777
Facsimile:  (505) 889-8870
**COUNSEL FOR TRANS UNION LLC**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 5th day of April, 2012, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

| | |
|---|---|
| Albert L. Hutchinson, Jr. | Charles J. Vigil |
| al@aequitas.pro | cvigil@rodey.com |
| Aequitas Law, LLC | Rodey, Dickason, Sloan, Akin & Robb, P.A. |
| PO BOX 25304 | P. O. Box 1888 |
| Albuquerque, NM 8712587102 | Albuquerque, NM 87103 |
| (505) 750-8005 | (505) 765-5900 |
| (505) 212-0249 (Fax) | (505) 768-7395 Fax |
| ***Counsel for Plaintiff*** | ***Counsel for Experian*** |

AND I FURTHER CERTIFY that on such date I served the foregoing on the following non-CM/ECF Participants in the manner indicated: NONE.

*/s/ Rodney L. Schlagel*
**RODNEY L. SCHLAGEL**