UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

| | |
|---|---|
| IVAR HELLA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:12-CV-00131-KBM-RHS |
| | ) |
| EQUIFAX INFORMATION SERVICES LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; and TRANS UNION LLC, | ) ) ) ) |
| | ) |
| Defendants. | ) |

### EQUIFAX INFORMATION SERVICES LLC'S
### MOTION FOR JUDGMENT ON THE PLEADINGS

Defendant Equifax Information Services LLC ("Equifax"), by counsel, files its Motion for Judgment on the Pleadings. As set forth below, Equifax's motion should be granted.

### INTRODUCTION

Plaintiff brought this case against several defendants, asserting claims under the Fair Credit Reporting Act ("FCRA"). All defendants in this case are consumer reporting agencies as defined by the FCRA at 15 U.S.C. § 1681a(f). Plaintiff's Complaint, however, fails to allege specific facts that might support a claim against Equifax under this statute.

Courts consistently have dismissed vague and fact-deficient complaints under the *Iqbal-Twombly* line of cases. As discussed below, Plaintiff's Complaint should meet the same fate. Accordingly, the Court should dismiss Plaintiff's claims against Equifax.

### FACTS AND PROCEDURAL HISTORY

Plaintiff's Complaint was filed on February 9, 2012. (Doc. 1.) In addition to Equifax, Plaintiff also sued Experian Information Solutions, Inc. and Trans Union, LLC. (*Id.*) The only factual support Plaintiff provides is that Plaintiff contacted each defendant and requested

correction of "erroneous information" on his credit report "on or about January 3, 2011" (*id.* ¶ 16); that each defendant refused to correct Plaintiff's consumer credit report (*id.* ¶ 17); that Plaintiff paid or was quoted higher interest rates on loans than Plaintiff would have had without the allegedly erroneous information on his credit report (*id.* ¶ 18); and that each defendant continues to publish erroneous information in Plaintiff's credit report (*id.* ¶ 19).

Plaintiff's Complaint does not contain any specific allegations concerning the conduct of Equifax, and lumps all three defendants together.  Plaintiff's Complaint does not set forth what allegedly erroneous information was on Plaintiff's Equifax credit report, and it does not set forth why Plaintiff considered this information erroneous or what correction Plaintiff requested.

On May 25, 2012, Plaintiff filed a Motion for Leave to File his First Amended Complaint Under Seal, which was granted on July 3, 2012.  (Docs. 24, 36.)  The Court gave Plaintiff leave to file the First Amended Complaint on or before July 13, 2012.  (Doc. 36.)  To date, Plaintiff has failed to file his First Amended Complaint.

## **ARGUMENT**

To survive a motion for judgment on the pleadings, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its own face." *Ashcroft v. Iqbal*, 556 U.S. 662, 665 (2009) (internal quotations omitted); *see also Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).  Furthermore, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Here, Plaintiff's Complaint makes a few token, highly generalized factual allegations, which are wholly insufficient to maintain a claim against Equifax.  While Rule 8(a)(2) requires

2

that a plaintiff's complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief", the plaintiff must still allege "enough facts to state a claim to relief that is plausible on its face" to overcome the burden established by Rule 12(b)(6).  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 663.  A complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Iqbal* 556 U.S. at 883-884 (quoting *Twombly*, 550 U.S. at 557).  While there is no probability standard for pleadings, "something beyond… mere possibility… must be alleged." *Twombly*, 550 U.S. at 556-57.

In the present case, Plaintiff's Complaint alleges inaccuracies within his credit reports with three consumer reporting agencies, but states nothing as to what the inaccuracy or inaccuracies may be, or on which account the inaccuracy may exist.  As such, Equifax has no way of knowing what information Plaintiff alleges is inaccurate, and no idea where to look on Plaintiff's credit file to find that inaccuracy.  Furthermore, Plaintiff's Complaint fails to aver any facts regarding how Equifax specifically violated the FCRA.  Equifax is then left to guess as to how any of its actions or omissions may have caused any damage to Plaintiff.

Courts in this Circuit routinely dismiss FCRA claims where the plaintiff fails to supply any specific factual basis for their claims against a particular defendant, and generally does not provide any basis for a specific defendant to be able to defend the claim.  *See Khalik v. United Air Lines*, 671 F.3d 1188, 1194 (10th Cir. 2012) ("While we do not mandate the pleading of any specific facts in particular, there are certain details the Plaintiff should know and could properly plead to satisfy the plausibility requirement […] A plaintiff must include some further detail for

a claim to be plausible.") *see also Wright v. Portfolio Recovery Affiliates*, 2011 WL 1226115, *3 (D. Del. Mar. 30, 2011) (denying motion to amend complaint to assert FCRA claims where proposed complaint "fails to describe the alleged inaccurate information, that [plaintiff] disputed any information to a credit reporting agency, or that any of the named defendants received notice of any such dispute").

## **CONCLUSION**

For the reasons set forth above, Equifax requests that its motion for judgment on the pleadings be granted.  Plaintiff's claims against Equifax should be dismissed.

Respectfully submitted this 30th day of August, 2012.


                                                        __/s/ Kendall W. Carter_____
                                                       Kendall W. Carter, Esq.
                                                       *Admitted Pro Hac Vice*
                                                       King & Spalding LLP
                                                       1180 Peachtree Street
                                                       Atlanta, GA 30309
                                                       404.572.2495
                                                       kcarter@kslaw.com

                                                       Patricia J. Williams
                                                       Wiggins, Williams & Wiggins
                                                       1805 Rio Grande Blvd., NW 87104
                                                       P. O. Box 1308
                                                       Alburquerque, New Mexico 87103-1308
                                                       (505) 764-8400

**CERTIFICATE OF SERVICE**

This is to certify that I have this day served a true and correct copy of the foregoing **DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S MOTION FOR JUDGMENT ON THE PLEADINGS** with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record and by depositing same in the United States mail, properly addressed with sufficient postage affixed thereto to ensure delivery to:

Albert L. Hutchinson, Jr.
Aequitas Law, LLC
PO Box 25304
Albuquerque, NM  87125
al@aequitas.pro
*Attorney for Plaintiff*

Angela M. Taylor
Jones Day
3161 Michelson Drive, Suite 800
Irvine, CA  92612

Charles J. Vigil
Rodey Dickson Sloan Akin & Robb, P.A.
PO Box 1888
Albuquerque, NM  87103
*Attorneys for Experian Information Solutions, Inc.*

Rodney L. Schlagel
Butt, Thornton & Behr
PO Box 3170
Albuquerque, NM  87190

Amanda Loughmiller
Strasburger & Price LLP
2801 Network Blvd., Suite 600
Frisco, TX  75034
*Attorneys for Trans Union LLC*

This 30th day of August, 2012.

/s/ Kendall W. Carter